UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY ELLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF PITTSBURG, et al.,<br><br>    Defendants. | Case No. 14-cv-00193-JCS<br><br>**ORDER RE REVIEW UNDER 28 U.S.C. SECTION 1915**<br><br>**Dkt. Nos. 1** |
| AND RELATED CASES:<br><br>3:14-CV-0194 JCS Ellis v. City of Pittsburg, et al.<br><br>3:14-CV-0195 JCS Ellis v. City of Pittsburg, et al.<br><br>3:14-CV-0196 JCS Ellis v. City of Pittsburg, et al.<br><br>3:14-CV-0197 JCS Ellis v. City of Pittsburg, et al.<br><br>3:14-CV-0198 JCS Ellis v. City of Pittsburg, et al.<br><br>3:14-CV-0199 JCS Ellis v. City of Pittsburg, et al. | |

## I.    INTRODUCTION

Plaintiff Donald Ray Ellis ("Plaintiff") filed seven lawsuits against the City of Pittsburg ("City") and City officials[1] alleging that his constitutional rights were violated when he was racially profiled and subject to an unlawful search by a City of Pittsburg police officer. The Court previously granted Plaintiff's application in each case to proceed *in forma pauperis*. The Court now considers whether the complaints must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which

---

[1] In each of the seven above-captioned lawsuits, one city official is named as a defendant alongside the City of Pittsburg: City Mayor Sal Evola is a defendant in Case No. 3:14-cv-0193; Council Member Nancy Parent is a defendant in 3:14-cv-0194; City Manager Joe Sbranti is a defendant in 3:14-cv-0195; Council Member William Casey is a defendant in 3:14-cv-0196; Council Member Ben Johnson is a defendant in 4:14-cv-0197; Vice Mayor Pete Longmire is a defendant in 3:14-cv-0198; Officer Thomas of the City of Pittsburg Police Department is a defendant in 3:14-cv-0199.

requires dismissal of an *in forma pauperis* complaint that is frivolous or malicious or fails to state a claim. *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). For the reasons explained below, the Court finds that Plaintiff has failed to state a claim and DISSMISSES the complaints WITH LEAVE TO AMEND.[2]

## II.  BACKGROUND

The complaint in each case essentially pleads the same few factual allegations. Plaintiff states that he was racially profiled as part of "an underground railroad racial movement." *Ellis v. Evola*, No. 14-0193, Dkt. No. 1. On April 4, 2013, Officer Thomas of the City of Pittsburg Police Department wrote Plaintiff a ticket for an open container and then searched Plaintiff's non-see-through, black bag. In one of the complaints, Plaintiff alleges that Officer Thomas told Plaintiff that he was instructed to ticket Plaintiff because the City did not have enough money to pay for pensions. *Ellis v. Parent*, No. 14-0194, Dkt. No. 1.

Plaintiff states that this was an unconstitutional search by Officer Thomas in violation of the Fourth Amendment. Plaintiff alleges that the search was motivated by race. Aside from Officer Thomas, Plaintiff alleges that every other individually named defendant—which includes the City of Pittsburg's Mayor, Vice Mayor, City Manager and City Council Members—is liable for the unlawful search undertaken by Officer Thomas in his or her capacity as supervisor. Plaintiff does not allege than any of these city officials were at the scene of the search.

---

[2] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, the court does not require the consent of Defendants in order to properly dismiss claims because Defendants have not been served, and, as a result, are not yet parties to this action. *See Neals v. Norwood*, 59 F.3d 520, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Prop.*, 135 F.3d 1212, 1217 (8th Cir. 1998) (holding the magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented to it because 18 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).

### III. DISCUSSION

#### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1), and is granted leave to proceed *in forma pauperis*, courts must engage in a preliminary screening and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In determining whether a plaintiff fails to state a claim, the Court assumes that all factual allegations in the Complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to … mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

#### B. Analysis

Plaintiff alleges that Officer Thomas conducted an unlawful search in violation of the Fourth Amendment. Under 42 U.S.C. § 1983, an individual may assert a claim alleging a deprivation of a constitutional right, such as the right under the Fourth Amendment to be free of unreasonable searches and seizers. To state a claim a claim under § 1983 regarding Officer Thomas's allegedly unlawful search, Plaintiff must plead sufficient facts to show "that a search or seizure occurred and that the search or seizure was unreasonable." *Freece v. Clackamas Cnty.*, 442 F.Supp.2d 1080, 1086 (D. Or. 2006) (citing *Brower v. County of Inyo,* 489 U.S. 593, 599 (1989)). There must be an adequate factual basis in the complaint to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547).

There are insufficient facts alleged in Plaintiff's complaints. While Plaintiff alleges that he was searched, there are no factual allegations which permit the inference that the search was "unreasonable." *Freece,* 442 F.Supp.2d at 1086. Officers may briefly detain and frisk individuals they have a reasonable suspicion are committing a crime. *See generally, Terry v. Ohio*, 392 U.S. 1

3

(1968). Plaintiff does not allege what he was doing when he was stopped and searched, or any facts about the search. Thus, the Court cannot determine that Officer Thomas's search was unreasonable. Moreover, Plaintiff alleges that Officer Thomas wrote Plaintiff a ticket for having an open container, which permits the inference that Plaintiff was not abiding the law when he encountered Officer Thomas. While this does not necessarily render the search constitutional, the scarce facts in the complaints do not show that the search was unconstitutional.

Furthermore, even if Plaintiff had alleged sufficient facts to support a claim against Officer Thomas, there are insufficient facts to state a claim against any other named defendant in this action. With the exception of Officer Thomas, Plaintiff asserts no factual allegations against any of the individual defendants, and seems to allege that the individual defendants are liable as supervisors of Officer Thomas. To establish supervisor liability under § 1983, Plaintiff must allege facts showing that "the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them.' " *Preschooler II v. Clark County Sch. Bd. of Trustees,* 479 F.3d 1175, 1182 (9th Cir. 2007) (citing *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not alleged facts showing that that the Mayor, Vice Mayor, City Manager and Council Members were supervisors of Officer Thomas, or were in any way involved in or responsible for Officer Thomas's conduct leading up to and during the search. Thus, Plaintiff has not pled stated a claim under § 1983 under a theory of supervisor liability.

Nor has Plaintiff stated a claim under a theory of *Monell* liability. In *Monell v. Department of Social Services*, the Supreme Court held that a municipality may be liable under § 1983 for constitutional violations that result from enforcement of the municipality's official "policies and customs." 436 U.S. 658, 694 (1978). "There are three ways to show a policy or custom of a municipality: (1) by showing 'a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) 'by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision;' or (3) 'by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision

of, a subordinate.' " *Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir. 2005) (citing *Ulrich v. City and Cnty. of San Francisco,* 308 F.3d 968, 984–85 (9th Cir.2002) (internal quotations omitted)).  The facts alleged in the complaints do not establish any policy or custom in the City of Pittsburg to conduct unconstitutional searches.  Thus, Plaintiff has not pled sufficient facts to establish a § 1983 claim under the theory of *Monell* liability.

Accordingly, the Court finds that Plaintiff has failed to state a claim under § 1983 regarding the alleged deprivation of his constitutional rights.  The complaints are dismissed under 29 U.S.C. § 1915(e)(2)(B).

## IV.   CONCLUSION

For the foregoing reasons, the complaints in the above-captioned actions are DISMISSED WITH LEAVE TO AMEND.  Plaintiff has thirty (30) days within the issue date of this order to file an amended complaint in each case.  If Plaintiff does not file an amended complaint, the Clerk is directed to close the file in each case.

Plaintiff is encouraged to contact the Legal Help Center of the Justice & Diversity Center of the Bar Association of San Francisco, Room 2796, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.  Appointments can be made by signing up in the appointment book located on the table outside of the door of the Legal Help Center or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: March 19, 2014

JOSEPH C. SPERO
United States Magistrate Judge

5