UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PITTSBURG, et al.,<br><br>    Defendants.<br><br>AND RELATED CASES:<br><br>3:14-CV-0194 JCS Ellis v. City of Pittsburg, et al.<br>3:14-CV-0195 JCS Ellis v. City of Pittsburg, et al.<br>3:14-CV-0196 JCS Ellis v. City of Pittsburg, et al.<br>3:14-CV-0197 JCS Ellis v. City of Pittsburg, et al.<br>3:14-CV-0198 JCS Ellis v. City of Pittsburg, et al.<br>3:14-CV-0199 JCS Ellis v. City of Pittsburg, et al. | Case No. 14-cv-00193-JCS<br><br>**ORDER RE REVIEW UNDER 28 U.S.C. SECTION 1915** |

## I. INTRODUCTION

Plaintiff Donald Ray Ellis ("Plaintiff") filed seven lawsuits against the City of Pittsburg ("City") and City officials[1] alleging that his constitutional rights were violated when he was racially profiled and subject to an unlawful search by a City of Pittsburg police officer. The Court previously granted Plaintiff's application in each case to proceed *in forma pauperis*. The Court also dismissed Plaintiff's original complaints under 28 U.S.C. § 1915(e)(2)(B), which requires

---

[1] In each of the seven above-captioned lawsuits, one city official is named as a defendant alongside the City of Pittsburg: City Mayor Sal Evola is a defendant in Case No. 3:14-cv-0193; Council Member Nancy Parent is a defendant in 3:14-cv-0194; City Manager Joe Sbranti is a defendant in 3:14-cv-0195; Council Member William Casey is a defendant in 3:14-cv-0196; Council Member Ben Johnson is a defendant in 4:14-cv-0197; Vice Mayor Pete Longmire is a defendant in 3:14-cv-0198; Officer Thomas of the City of Pittsburg Police Department is a defendant in 3:14-cv-0199.

dismissal of an *in forma pauperis* complaint that is frivolous or malicious or fails to state a claim. *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Plaintiff was granted leave to amend.

On March 28, 2014, Plaintiff filed the same First Amended Complaint in each of the above-captioned cases. For the reasons explained below, the Court finds that the First Amended Complaint states a claim under 40 U.S.C. § 1983 only against Officer Thomas in *Ellis v. City of Pittsburg, et al.*, No. 14-0199 (N.D. Cal.), regarding an allegedly unlawful search in violation of the Fourth Amendment. All other actions, and all claims against all other defendants, are DISMISSED WITH PREJUDICE.[2]

## II. BACKGROUND

The First Amended Complaint alleges that on April 4, 2013, Plaintiff was racially profiled and discriminated against in an "underground railroad racial movement." First Amended Complaint ("FAC") at 1. Plaintiff was walking to the post office to check his mail when he was stopped by Officer Thomas, who was patrolling in his police car. *Id*. Plaintiff states that he was stopped on the corner of 8th Street and Los Medanos near the post office. This area is in a mixed-race neighborhood where African Americans and other people of color frequent. *Id*.

Plaintiff alleges that when he was stopped by Officer Thomas, he was carrying a non-see-through bag. Plaintiff does not deny that, inside the bag, there was an open container of alcohol. However, Plaintiff states he was not drinking from the container when Officer Thomas saw him from his patrol car. *Id*. Plaintiff alleges that Officer Thomas searched his non-see-through bag and harassed him and wrote him a ticket for having an open container. *Id*.

Aside from Officer Thomas, Plaintiff alleges that every other individually named defendant—which includes the City of Pittsburg's Mayor, Vice Mayor, City Manager and City Council Members—is liable for the unlawful search undertaken by Officer Thomas in his or her capacity as supervisor. Plaintiff does not allege that any of these city officials were at the scene of the search.

---

[2] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

### III.   DISCUSSION

#### A.   Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1), and is granted leave to proceed *in forma pauperis*, courts must engage in a preliminary screening and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In determining whether a plaintiff fails to state a claim, the Court assumes that all factual allegations in the Complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to … mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

#### B.   Analysis

The Court construes the First Amended Complaint as stating a claim under 42 U.S.C. § 1983, under which an individual may allege a deprivation of a constitutional right, such as the right under the Fourth Amendment to be free of unreasonable search and seizure.  To state a claim under § 1983 regarding Officer Thomas's allegedly unlawful search, Plaintiff must plead sufficient facts to show "that a search or seizure occurred and that the search or seizure was unreasonable."  *Freece v. Clackamas Cnty.*, 442 F.Supp.2d 1080, 1086 (D. Or. 2006) (citing *Brower v. County of Inyo,* 489 U.S. 593, 599 (1989)).

Officers may only briefly detain and frisk individuals they have a reasonable suspicion are committing a crime.  *See Terry v. Ohio*, 392 U.S. 1 (1968).  In this case, the question is whether Officer Thomas had a reasonable suspicion that Plaintiff was committing a crime−or an infraction such as having an open container in an unauthorized location.  *See* Cal. Bus. & Prof. Code § 25620(a).  Plaintiff alleges that he was walking to the post office to check his mail when he was stopped by Officer Thomas, who searched his non-see-through bag.  The mere fact Plaintiff was

3

carrying a non-see-through bag does not create a reasonable suspicion that Plaintiff was carrying an open container inside the bag. Unlike other cases in which courts have found reasonable suspicion, Plaintiff was *not* standing in front of a liquor store or drinking out of the container in the bag. *Cf. People v. Brewer*, 235 Cal.App.3d 909, 911 (Cal. Ct. App. 1991). Construing the ambiguities in the First Amended Complaint in favor of Plaintiff, there are sufficient allegations that, if proven true, show Officer Thomas committed an unlawful search.

Although Plaintiff states a claim against Officer Thomas, there are insufficient facts to state a claim against any other named defendant in this action under the theory of supervisor or *Monell* liability. In the previous order dismissing Plaintiff's original complaints, the Court explained that to establish supervisor liability under § 1983, Plaintiff must allege facts showing that "the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them.' " *Preschooler II v. Clark County Sch. Bd. of Trustees,* 479 F.3d 1175, 1182 (9th Cir. 2007) (citing *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). The Court also explained that to establish municipal liability under the Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), Plaintiff must allege facts showing that a constitutional violation results from a municipality's official "policies and customs." *See id*. at 694. Plaintiff has not alleged any facts in the First Amended Complaint to support a claim under either theory. Accordingly, Plaintiff has failed to state a claim against the City of Pittsburg or any other individual defendant in these actions. These claims are DISMISSED WITH PREJUDICE under 29 U.S.C. § 1915(e)(2)(B).[3]

IV.   **CONCLUSION**

For the foregoing reasons, the First Amended Complaint states a claim against Officer Thomas regarding unlawful search in violation of the Fourth Amendment. All other claims in all of the above captioned cases are DISMISSED WITH PREJUDICE. Because Officer Thomas is only a named defendant in *Ellis v. City of Pittsburg, et al.*, No. 14-0199, the Clerk is directed to

---

[3] Plaintiff filed two documents which he calls "Motions" in *Ellis v. City of Pittsburg*, et al., No. 14-0193, Dkt. Nos. 24-25. The "Motions" do not seek any specific form of relief and are DENIED.

close the file in the other above-captioned cases.  The U.S. Marshal shall serve Officer Thomas with the First Amended Complaint in *Ellis v. City of Pittsburg, et al.*, No. 14-0199, as well as a copy of this Order.

Plaintiff is encouraged to contact the Legal Help Center of the Justice & Diversity Center of the Bar Association of San Francisco, Room 2796, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.  Appointments can be made by signing up in the appointment book located on the table outside of the door of the Legal Help Center or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: April 25, 2014

JOSEPH C. SPERO
United States Magistrate Judge